IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-685-M-KS

| | |
|---|---|
| RONALD HUGH HUTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM &** |
| v. ) | **RECOMMENDATION** |
| ) | |
| U.S. DEPARTMENT OF VETERANS ) | |
| AFFAIRS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This pro se case is before the court on the application [DE #2] by Plaintiff to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by Chief United States District Judge Richard E. Myers II. Also before the court is Plaintiff's motion to seal the action [DE #1]. For the reasons set forth below, it is recommended that the application to proceed in forma pauperis be denied, Plaintiff's motion to seal be denied, and the action be dismissed without prejudice.

## DISCUSSION

Plaintiff originally filed this action in the United States District Court for the Middle District of Georgia. On December 2, 2024, the action was transferred to this court pursuant to 28 U.S.C. § 1406(a). Following transfer, an order was entered on December 11, 2024, informing Plaintiff of certain deficiencies with his filings. (12/11/24 Order [DE #8].) Plaintiff was directed to submit (1) a completed application to proceed without prepayment of fees for this district or the $405 filing fee; (2) a

financial disclosure form; (3) a notice of self-representation; and (4) appropriate summonses. (*Id.* at 1.) Plaintiff was ordered to correct the noted deficiencies by December 30, 2024, and was warned that failure to comply may result in dismissal of the action without prejudice for failure to prosecute or for failure to comply with the court's order. (*Id.* at 2.)

Plaintiff has not complied with the court's prior order, nor has he requested an extension of time within which to do so. The deadline for correcting the deficiencies having passed, it is recommended that Plaintiff's application to proceed in forma pauperis be denied and the matter be dismissed for failure to prosecute.

Plaintiff has further failed to provide any basis for his request to seal the action. *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988) (recognizing that public right to inspect and copy judicial records and documents "may be abrogated only in unusual circumstances"); Local Civ. R. 79.2 (E.D.N.C. May 2023); CM/ECF Policy Manual § V.G.1(a) (requiring motion to seal be accompanied by a memorandum absent a statute, rule, or order requiring the filing be sealed). Accordingly, it is recommended that his motion to seal be denied.

## CONCLUSION

For the reasons stated above, it is RECOMMENDED as follows:

1. That Plaintiff's application to proceed in forma pauperis [DE #2] be DENIED WITHOUT PREJUDICE and the action be DISMISSED WITHOUT PREJUDICE for failure to prosecute; and

2. That Plaintiff's motion to seal [DE #1] be DENIED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff, who is hereby advised as follows:

You shall have until **February 3, 2025**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b) (E.D.N.C. May 2023).

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 14th day of January 2025.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge

3
Case 5:24-cv-00685-M-KS    Document 9    Filed 01/14/25    Page 3 of 3